**IN THE UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**PLANO DIVISION**

| | |
|---|---|
| **MONTEASIEA M. JOHNSON,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| **v.** § | |
| § | |
| **UNIVERSAL HEALTH SERVICES, INC.** § | Civil Action No.: _____ |
| **D/B/A UNIVERSITY BEHAVIOR HEALTH** § | |
| **OF DENTON D/B/A MAYHILL HOSPITAL** § | |
| § | |
| *Defendants*. § | |

## PLAINTIFF'S COMPLAINT

COMES NOW, Monteasia M. Johnson, Plaintiff, complaining of Defendants, Universal Health Services, Inc. d/b/a University Behavior Health of Denton d/b/a Mayhill Hospital and would respectfully show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff Monteasia M. Johnson invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1969 as amended, 42 U.S.C. 2000e-5 as amended and 28 U.S.C. §1331.

2. The unlawful employment practices alleged below were committed within the Plano Division of the Eastern District of the State of Texas.

### PARTIES

3. Plaintiff is a female citizen of the United States and a resident of the City of Denton, county of Denton, Texas.

4. Defendants, Universal Health Services, Inc. d/b/a University Behavior Health of Denton d/b/a Mayhill Hospital is a Foreign Corporation which conducts business in the State of

Texas and may be served with process by serving its registered agent to-wit: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

## ADMINISTRATIVE PROCEDURES

5.      Plaintiff filed a charge of employment discrimination against Defendants with the District Office of the Equal Employment Opportunity Commission within 300 days of the last discriminatory act.  Plaintiff received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, entitling her to institute a civil action within 90 days of the date of the receipt of said notice, Plaintiff has timely filed.

## DISCRIMINATION

6.      The Defendants Universal Health Services, Inc. d/b/a University Behavior Health of Denton d/b/a Mayhill Hospital followed a policy and practice of discrimination against Plaintiff because of her race (African American) in violation of 42 U.S.C. § 2000e *et seq*.  The discriminatory practices and policies include, but are not limited to the following:

(a) Discriminating against Plaintiff in the terms, conditions and privileges of employment;

(b) Termination of Plaintiff's employment status on or about July 19, 2013; and

(c) Retaliating against Plaintiff in violation of the Acts.

7.      Plaintiff filed a complaint with Patricia Barraza (Human Resources) on July 11, 2013 regarding Anna Griffith, the Interim Director of Nursing's discriminatory decision to deny an applicant (African American) due to her physical appearance being "ghetto and pregnant."  Plaintiff also reported that Vickie Stoker, the Chief Nursing Officer did not hire an applicant due to his age.

8. Barraza advised Plaintiff to set up an appointment to meet with Linda Hayes (Chief Executive Officer of Mayhill Hospital) to discuss the discrimination complaint she filed, however, Plaintiff received no response from Hayes.  Plaintiff also delivered a written communication to Hayes, however, no response was provided.

9. Shortly after Plaintiff's complaint to the Human Resources, Plaintiff was terminated on July 19, 2013 for a pretextual reason.

## VI. DAMAGES

10. As a further result of the Defendants' actions, Plaintiff has been and is being deprived of income in the form of wages and prospective retirement benefits, and other benefits due to her as an employee solely because of her race in a sum to be proven at trial.

11. Plaintiff was earning approximately $2,347.20 per month prior to termination.  Thus, Plaintiff is entitled to recover the earnings and benefits lost in the past from the date of termination up until the present.

12. Plaintiff was approximately 31 years of age when the Defendants terminated her employment, and had a work-life expectancy of approximately 34 years.  Thus, Plaintiff is entitled to recover the earnings and benefits that in reasonable probability will be lost in the future.

13. Defendants' conduct toward Plaintiff caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Plaintiff seeks compensatory damages.

14. Plaintiff's harm was a result of the Defendants' malice or reckless indifference to Plaintiff's protected rights, thus Plaintiff seeks exemplary damages.

15. The amount of damages which Plaintiff seeks herein exceeds the jurisdictional minimum of this Court.

## VII.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Order the Defendants to make Plaintiff whole by providing appropriate back pay and reimbursement for lost benefits in an amount to be shown at trial as well as all other damages to which Plaintiff is entitled;

(2) Order the Defendants to provide Plaintiff with lost earnings and employee benefits that in reasonable probability will be lost in the future;

(3) Order the Defendants to provide Plaintiff with compensation for physical pain and mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses;

(4) Order the Defendants to pay actual damages, compensatory and exemplary damages;

(5) Order the Defendants to be taxed with the cost of this action, including reasonable attorney's fees;

(6) Retain jurisdiction over this action to secure compliance with the orders of this Court and with 42 U.S.C. § 2000e, and require the Defendants to file such reports at the Court may deem necessary to evaluate such compliance; and

(7) Grant such additional relief as to the Court may seem just and proper.

Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopier*)

*/s/ John E. Wall, Jr.*
_____

John E. Wall, Jr.
State Bar No. 20756750
Email: jwall@jwall-law.com

*Attorney for Plaintiff*

## JURY REQUEST

Plaintiff respectfully requests a jury trial.