IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | | |
|---|---|---|
| MONTEASIEA M. JOHNSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO.: 4:15-CV-00198-ALM |
| UNIVERSAL HEALTH SERVICES, INC. d/b/a UNIVERSITY BEHAVIOR HEALTH OF DENTON d/b/a MAYHILL HOSPITAL, | § § § § | |
| Defendants. | § § | |

## DEFENDANT UNIVERSAL HEALTH SERVICES, INC.'S AMENDED ANSWER

Defendant Universal Health Services, Inc. ("Defendant" or "UHS"), improperly named as a Defendant in this case, and incorrectly named in Plaintiff's Complaint as "Defendants Universal Health Services, Inc. d/b/a University Behavior Health of Denton d/b/a Mayhill Hospital," amends its Answer filed on May 5, 2015, and files this Amended Answer to the Complaint, respectfully stating the following:

### JURISDICTION AND VENUE

1. As to Paragraph 1, Defendant UHS admits that jurisdiction is generally appropriate in this Court, but denies that jurisdiction is proper over this Defendant, because UHS was never Plaintiff's employer, and thus, UHS is not a proper party to this action. To the extent this Paragraph implies liability in any way it is denied.

2. As to Paragraph 2, Defendant UHS admits venue is generally proper in this Court, but denies that it is a proper party to this action or that any "unlawful employment

practices" were committed. To the extent this Paragraph implies liability in any way it is denied.

## PARTIES

3. Defendant UHS was not the employer of Plaintiff, is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and thus, such allegations are denied.

4. As to Paragraph 4, Defendant UHS denies that its proper legal name is "Universal Health Services, Inc. d/b/a University Behavior Health of Denton d/b/a Mayhill Hospital" and further denies that it should be referred to in the plural as "Defendants" rather than in the singular as "Defendant." Defendant admits, however, that Universal Health Services, Inc. is a foreign corporation and that the agent listed is its proper agent for service of process. Defendant denies any other allegations or inferences contained in Paragraph 4 of the Complaint.

## ADMINISTRATIVE PROCEDURES

5. Defendant UHS was not the employer of Plaintiff, is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and thus, such allegations are denied.

## DISCRIMINATION

6. The allegations contained in Paragraph 6 are denied.

7. Defendant UHS was not the employer of Plaintiff, is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and thus, such allegations are denied.

8. Defendant UHS was not the employer of Plaintiff, is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and thus, such allegations are denied.

9. Defendant UHS was not the employer of Plaintiff, is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and thus, such allegations are denied.

## DAMAGES

10. The allegations contained in Paragraph 10 are denied.

11. Defendant UHS was not the employer of Plaintiff, is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and thus, such allegations are denied.

12. Defendant UHS was not the employer of Plaintiff, is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, and thus, such allegations are denied.

13. The allegations contained in Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 of the Complaint are legal, jurisdictional conclusion, which require no factual response by Defendant UHS. To the extent a response is required, Defendant states it appears from the face of the Complaint that Plaintiff has alleged that the amount in controversy is more than the $75,000 jurisdictional limit required for diversity jurisdiction in this Court. Any further allegations or inferences of liability are denied.

## PRAYER

16. The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial. Defendant UHS denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

17. Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

## DEFENSES

### FIRST DEFENSE

Defendant UHS has never employed Plaintiff Johnson, is not a proper party to this action and should be dismissed.

### SECOND DEFENSE

Defendant UHS is not a proper party to this action because it has no employees.

### THIRD DEFENSE

Defendant UHS does not, and has never occupied, controlled, and/or maintained the University Behavior Health of Denton or Mayhill Hospital facilities, cannot be consolidated with these entities as a single employer or integrated enterprise, and is not a proper party to this action.

### FOURTH DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### FIFTH DEFENSE

To the extent Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain her claims, or failed to exhaust administrative remedies, such claims are barred

## SIXTH DEFENSE

All claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the EEOC are barred and fail to state a claim on which relief can be granted.

## SEVENTH DEFENSE

Plaintiff's alleged claims for damages are barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiff through subsequent employment or otherwise.

## EIGHTH DEFENSE

To the extent evidence is acquired after Plaintiff's employment ended which would provide a basis for adverse action, including termination, Plaintiff's alleged claims for damages are barred, in whole or in part.

## NINTH DEFENSE

To the extent Plaintiff has failed to mitigate or has failed to take reasonable steps to mitigate her alleged damages, if any, such failure bars, or at least reduces, recovery of such damages.

## TENTH DEFENSE

Plaintiff may not recover backpay for any period in which she was unable to work.

## ELEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by estoppel or by her own voluntary conduct.

## TWELFTH DEFENSE

At all times, Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons, undertaken in good faith and without malice or ill-will towards the Plaintiff.

## THIRTEENTH DEFENSE

Defendant invokes all applicable damages caps or limitations, including but not limited to those set forth in 42 U.S.C. § 1981a.

## FOURTEENTH DEFENSE

Plaintiff may not recover exemplary or punitive damages for any alleged discrimination or retaliation under Title VII because she has no evidence of and cannot show that Defendant UHS acted with willfulness, malice, reckless indifference, or reckless disregard of her rights under Title VII.

## FIFTEENTH DEFENSE

Assuming, arguendo, that some or all of the employment decisions Plaintiff complains of in the Complaint were based on Plaintiff's race or alleged protected activity (which it did not and which Defendant expressly denies), each of the decisions affecting Plaintiff would have been made in any event for reasons unrelated to her race or alleged protected activity.

## SIXTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent it violates the Constitution of the United States or any federal or other applicable law.

## SEVENTEENTH DEFENSE

In addition to the foregoing defenses, Defendant UHS reserves the right to assert any other defenses available under federal or other applicable law, by Order of this Court, or otherwise.

## EIGHTEENTH DEFENSE

The headings used above are for convenience only and shall not be utilized in construing the meaning or intent of any of the terms of this Answer.

**WHEREFORE**, Defendant UHS respectfully requests that the Court dismiss Plaintiff's action with prejudice, grant a take-nothing judgment in favor of Defendant, and award Defendant its attorney's fees and costs of court. Defendant further requests any other relief at law and in equity to which it is justly entitled.

Dated: May 6, 2015

        Respectfully submitted,

        /s/ Tamara R. Jones
        Hunter Johnson
        Texas Bar No. 10753900
        hjohnson@constangy.com
        Tamara R. Jones
        Texas Bar No. 00795115
        tjones@constangy.com
        Constangy, Brooks, Smith & Prophete, LLP
        1201 Elm Street, Suite 2550
        Dallas, Texas 75270
        PH: (214) 646-8625
        FX: (214) 749-0078

        **COUNSEL FOR DEFENDANT**
        **UNIVERSAL HEALTH SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

I certify that on the 6th day of May 2015, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following Counsel of Record for Plaintiff and was also sent on the 6th day of May 2015 to the following counsel of record for Plaintiff via e-mail.

    John E. Wall, Jr.
    jwall@jwall-law.com
    Law Offices of John E. Wall, Jr.
    5728 Prospect Avenue, Suite 2001
    Dallas, Texas 75206

        /s/ Tamara R. Jones
        Tamara R. Jones