# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MONTEASIEA M. JOHNSON | § | |
| | § | |
| v. | § | CASE NO. 4:15-CV-198 |
| | § | Judge Mazzant |
| MAYHILL BEHAVIORAL HEALTH, LLC | § | |
| D/B/A MAYHILL HOSPITAL | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Objection to and Motion to Strike Plaintiff's Summary Judgment Affidavit and All Assertions in her Response Based on That Affidavit (the "Motion to Strike") (Dkt. #31). After considering the relevant pleadings, the Court finds this motion should be granted in part and denied in part.

## BACKGROUND

This is a Title VII case in which Plaintiff Monteasiea M. Johnson ("Plaintiff") alleges that her employer, Mayhill Behavioral Health, LLC d/b/a Mayhill Hospital ("Mayhill" or "Defendant"), discriminated against Plaintiff and retaliated against Plaintiff for reporting discriminatory conduct towards potential employees interviewing for job positions (Dkt. #7). Plaintiff alleges that she was terminated on July 19, 2013, due to Defendant's discrimination and retaliation (Dkt. #7). Defendant argues that Plaintiff was terminated because she violated Mayhill's timekeeping policy when she failed to clock out for lunch on four occasions and clocked in early from lunch on one other occasion (Dkt. #26-2 at 65:1-23).

On May 4, 2016, Defendant filed its Motion for Summary Judgment (Dkt. #26). On May 23, 2016, Plaintiff filed her response (Dkt. #27). On June 3, 2016, Defendant filed its reply.

1

Also on June 3, 2016, Defendant filed its Motion to Strike Plaintiff's Summary Judgment Affidavit and All Assertions in her Response Based on That Affidavit (the "Motion to Strike") (Dkt. #31). On June 21, 2016, Plaintiff filed her response (Dkt. #33). On June 30, 2016, Defendant filed its reply (Dkt. #34).

Defendant objects to, moves to strike from the summary judgment record, and asks the Court to disregard the following in ruling on Defendant's motion for summary judgment: (1) Plaintiff's affidavit, which Plaintiff has included in pages 1-9 of her appendix to her response to Defendant's motion for summary judgment; and (2) all assertions in Plaintiff's statement of facts and elsewhere in her response brief that are based on that affidavit or on other incompetent summary judgment evidence and/or that lack citations to appropriate summary judgment evidence, as required by Eastern District of Texas Local Rule CV-56 (Dkt. #31 at pp. 1-2).

## ANALYSIS[1]

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c). "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses such knowledge. *Amie v. El Paso Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2007).

---

[1] As an initial matter, in Plaintiff's response she seeks to have the Court strike evidence the Defendant attached to its reply in support of its motion for summary judgment (Dkt. #33 at pp. 1-2). The Court finds that it is not necessary to address this argument because it is not properly raised. *See* Local Rule CV-7.

*Objections to Plaintiff's Affidavit About Her Knowledge of the Allegedly Faulty Clocks at Mayhill*

At her March 2016 deposition, Plaintiff testified that the upstairs and downstairs clocks at Mayhill might not have been in synch, thereby making it incorrectly appear that she had clocked in early from lunch that day (Dkt. #26-2 at 65:1-23). During her deposition, Plaintiff stated that she had overheard Anna Griffith "Griffith[,]" the Interim Director of Nursing, make a comment that the clocks were not synched, at another point she said she was not sure what evidence she had that Griffith was aware of a problem with the clocks, and then later she again mentioned that she had overheard Griffith say the clocks were not synched. *See* Dkt. #26-2 at 65:9-23, 143:10-144:7, 145:9-146:6.

Defendant implies that because Plaintiff realized the only proof that Griffith knew about the clocks not being synched was hearsay, she has altered her testimony and stated in her affidavit that Griffith directly told her "that the clocks were not synched." (Dkt. #27-1 at ¶ 23). Therefore, Defendant maintains that "paragraph 23 of Plaintiff's affidavit is a transparent and improper, eleventh-hour attempt to respond to Mayhill's hearsay objection." (Dkt. #31 at p. 4). Therefore, Defendant states that since "Plaintiff plainly uses her summary judgment affidavit to drastically change her testimony and offers no explanation for this change . . . the Court should strike her affidavit and all assertions in her statement of facts or elsewhere in her response brief that cite paragraph 23 of her affidavit." (Dkt. #31 at p. 4 (citing *Taylor v. Coastal Sec., Ltd.*, 45 Fed. App'x 326 (5th Cir. 2002) (affirming district court's ruling that Title VII plaintiff's affidavit was "self-serving" and "inadmissible due to its inconsistency with [plaintiff's] earlier deposition"))). *See SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony.").

The Court finds that the situation at hand is analogous to the facts in *Taylor*. Therefore, due to the fact that Plaintiff has not provided an explanation for the change in her testimony, the Court strikes the second sentence of paragraph 23 of her affidavit. The Court will also disregard any part of her response brief that cites the second sentence of paragraph 23 of her affidavit.

*Objections to Plaintiff's Affidavit Concerning How Long She Worked on Vicki Stoker's Project and Her Understanding about Supervisory Approval of Working Through Lunch*

Defendant argues that Plaintiff's affidavit also contradicts her deposition testimony concerning how long Plaintiff worked on the project that Vicki Stoker ("Stoker") assigned to her, and whether she thought she was required to get supervisory authority to work through lunch (Dkt. #31 at pp. 4-5). At her deposition, Plaintiff testified that in early July 2013, Stoker gave her a project that Plaintiff believed required her to work through lunch on July 2, July 8, July 9, and July 10, 2013 (Dkt. 26-2 at 50:9-52:14, 142:8-144:17, 145:9-23). Plaintiff further testified that it took her about three or four days to complete the task (Dkt. #26-2 at 52:15-20). Plaintiff testified that she spent ten to fifteen percent of her day working on the task that Stoker assigned her, and that she spent about an hour to an hour and a half of each day working on the task (Dkt. #26-2 at 52:24-54:20). Plaintiff testified that she did not ask Stoker if Stoker wanted her to work through her lunch on any day, except the first day, in order to complete the assignment; Plaintiff further stated that she understood that supervisors had to approve her working through lunch (Dkt. #26-2 at 51:16-52:4, 55:17-25).

Defendant argues that Plaintiff's affidavit statement that she completed Stoker's assignment about a week and a half after it had been assigned to her should be stricken because it contradicts her deposition testimony (Dkt. #31 at p. 5). However, the Court finds that this affidavit statement is not inconsistent with Plaintiff's deposition testimony that she worked on

4

the assignment on July 2, 8, 9 and 10, which is over a nine day span of time. Therefore, the Court finds that this affidavit statement is not contradictory.

Defendant also asserts that Plaintiff's affidavit statement that "[she] spent about 25% of [her] time every day" working on the task Stoker assigned to her is inconsistent with her deposition testimony that she only spent an hour to an hour and a half per day working on the assignment and that she spent about ten to fifteen percent of her workday working on the assignment. The Court finds that plaintiff's deposition testimony was only an estimate of the amount of time she spent per day working, and therefore her affidavit, which also includes estimatation language, is not clearly contradictory of her deposition testimony.

However, Defendant points out that Plaintiff's affidavit states that Plaintiff "was not aware that [she] needed prior approval from a supervisor to work through lunch." (Dkt. #27-1). The Court agrees that this contradicts Plaintiff's previous deposition testimony and should be stricken. Therefore, the Court finds that the following sentence should be stricken from paragraph 19 of Plaintiff's affidavit: "I was not aware I needed prior approval from a supervisor to work through lunch." (Dkt. #27-1).

***Objections to Plaintiff's Affidavit Because it Contradicts Deposition Testimony Regarding Griffith's Alleged Remark that she Reported to Gloria-Barraza***

Defendant argues that Plaintiff's affidavit should be stricken because it contradicts her deposition testimony regarding what Plaintiff told Gloria-Barraza about Griffith's allegedly racially discriminatory remarks (Dkt. #31 at p. 5). Defendant maintains that Plaintiff's deposition testimony states only that Plaintiff told Gloria-Barraza that Griffith stated that a job applicant was "ghetto and pregnant." (Dkt. #26-2 at 112:5-25). Defendant maintains that Plaintiff's affidavit statement that she reported that Griffith did not plan to hire the applicant

5

"because she was black, pregnant, and 'ghetto[,]'" is contradictory of her deposition (Dkt. #31 at p. 6 (citing Dkt. #27-1 at ¶ 25).

The following exchange occurred during Plaintiff's deposition:

A: Because she said she was ghetto. She came to me and said, "She was ghetto." And when you talk about ghetto, you're talking about black people living in – not having any money and not having any decent clothes and…
Q: So you felt like when Anna (Griffith) said that the applicant was ghetto, you felt like she was referring to her race?
A: Yes.
. . .
Q: So have we talked about everything that you felt was discrimination at Mayhill? It's all right here that we just talked about?
A: Yes.
Q: So you said went to Patricia (Barazza-Garcia)?
A: Yes.
Q: You went to her office, and you told her about what we have just talked about right?

Plaintiff is not claiming that she told Gloria-Barraza that Griffith *said* she would not hire the individual because she was black, pregnant and ghetto, only that she told Gloria-Barraza that those were the *reasons* Griffith would not hire her. This is not contradictory, especially given the fact that Plaintiff interpreted Griffith's statements to be racial. Therefore, the Court finds that Plaintiff's deposition testimony regarding what she told Gloria-Barraza about Griffith's alleged racial discrimination does not contradict her deposition testimony.

***Objection that Plaintiff's Affidavit Contradicts her Deposition Testimony That She Was Satisfied with Gloria-Barraza's Response to Her Report***

Defendant argues that paragraph 13 of Plaintiff's affidavit is contradictory of her deposition testimony in which she stated that she was satisfied with Gloria-Barraza's response to her report (Dkt. #31 at pp. 6-7). According to Defendant, "[i]n paragraph [13] of her affidavit,

"because she was black, pregnant, and 'ghetto[,]'" is contradictory of her deposition (Dkt. #31 at p. 6 (citing Dkt. #27-1 at ¶ 25).

The following exchange occurred during Plaintiff's deposition:

A: Because she said she was ghetto. She came to me and said, "She was ghetto." And when you talk about ghetto, you're talking about black people living in – not having any money and not having any decent clothes and…
Q: So you felt like when Anna (Griffith) said that the applicant was ghetto, you felt like she was referring to her race?
A: Yes.
. . .
Q: So have we talked about everything that you felt was discrimination at Mayhill? It's all right here that we just talked about?
A: Yes.
Q: So you said went to Patricia (Barazza-Garcia)?
A: Yes.
Q: You went to her office, and you told her about what we have just talked about right?

Plaintiff is not claiming that she told Gloria-Barraza that Griffith *said* she would not hire the individual because she was black, pregnant and ghetto, only that she told Gloria-Barraza that those were the *reasons* Griffith would not hire her. This is not contradictory, especially given the fact that Plaintiff interpreted Griffith's statements to be racial. Therefore, the Court finds that Plaintiff's deposition testimony regarding what she told Gloria-Barraza about Griffith's alleged racial discrimination does not contradict her deposition testimony.

***Objection that Plaintiff's Affidavit Contradicts her Deposition Testimony That She Was Satisfied with Gloria-Barraza's Response to Her Report***

Defendant argues that paragraph 13 of Plaintiff's affidavit is contradictory of her deposition testimony in which she stated that she was satisfied with Gloria-Barraza's response to her report (Dkt. #31 at pp. 6-7). According to Defendant, "[i]n paragraph [13] of her affidavit,

Plaintiff for the first time lists several criticisms of Gloria-Barraza's response without explaining the contradiction." (Dkt. #31 at p. 7) (citation omitted).[2]

In paragraph 13 of her affidavit, Plaintiff states the following:

> In response Gloria-Barazza directed me to speak with Mayhill's CEO, Linda Hayes ("Hayes") (Caucasian) about my concerns about the discriminatory statements and actions of Stoker and Griffith. Gloria-Barazza did not ask me to give a written statement or tell me, she was going to investigate my complaints. Gloria-Barazza also did not give me any advice on handling the statements made by Stoker or Griffith and more importantly did not tell me why I should speak to Hayes about my concerns/complaints as opposed to her, the HR Coordinator.

(Dkt. #27-1 at ¶ 13).

The Court finds that the statements in paragraph 13 of Plaintiff's affidavit do not contradict her deposition testimony that she was satisfied with Gloria-Barraza's response. Just because a plaintiff is personally satisfied with an individual's response, does not mean that they cannot point out that there were other actions that a human resources representative could have taken which might have been preferable. Therefore, the Court finds that paragraph 13 of Plaintiff's affidavit should not be stricken.

***The Entirety of Plaintiff's Affidavit Should be Stricken Because it is Replete with Unexplained Contradictions***

Defendant argues that Plaintiff's affidavit should be stricken in its entirety because it is replete with unexplained contradictions from her deposition testimony (Dkt. #31 at p. 7). Defendant also states that all assertions in Plaintiff's statement of facts and in her response that are based on her affidavit should also be stricken. The Court finds that although there are a few contradictions, as discussed above, it is not necessary to strike the entire affidavit. *See Taylor*, 45

---

[2] In its Motion to Strike, Defendant mistakenly states that it finds paragraph 12 to be contradictory (Dkt. #31 at pp. 6-7). However, Defendant's reply states that paragraph 13 is the paragraph to which it was actually referring (Dkt. #34 at p. 2).

Fed. App'x at 326 (upholding the district court's striking of a particular paragraph of an affidavit that was contradictory of the plaintiff's previous deposition testimony).

*Objection to Plaintiff's Affidavit Because it Contains Statements Not Based on Personal Knowledge*

Defendant moves to strike Plaintiff's affidavit because it contains statements that are not based on her personal knowledge (Dkt. #31 at p. 8). Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Federal Rule of Evidence 602 likewise provides in relevant part that "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Defendant argues that the following statement in Plaintiff's affidavit does not satisfy these rules: "Tammy Parker, Nursing Supervisor and Kane (last name unknown), Pharmacist at Mayhill [sic] . . . witnessed a portion of the conversation between Griffith and me." (Dkt. #27-1 at ¶ 10). Defendant cites *Pinkney v. Federal Reserve Bank of Dallas*, in support of his contention that this statement should be stricken. No. SA-12-CV-00324-DAE, 2013 WL 5461873, at *2 n.3 (W.D. Tex. Sept. 30, 2013). Pickney states that "[t]o the extent [plaintiff] testifies that others observed him limp in his declaration, this statement is not based on personal knowledge, as required by Federal Rule of Evidence 602 and is stricken as requested by [defendant] in its Motion to Strike." *Id.*

Plaintiff maintains that this statement is acceptable because Plaintiff clearly stated that she witnessed these individuals enter the office and observe the conversation (Dkt. #33 at p. 7). The Court finds that the case at hand is distinguishable from *Pickney*. Plaintiff is not testifying to what the witnesses saw, but to the fact that she observed witnesses walk in during a

8

conversation. Thus, Plaintiff's statement that two individuals walked in during her conversation, and observed it as it occurred, states her personal observation and it should not be stricken.

Defendant also requests that the Court strike the following statement from Plaintiff's affidavit because it is not based on personal knowledge: "Griffith was perceived as rude and difficult to work with by Mayhill employees." (Dkt. #27-1 at ¶ 11). Plaintiff argues that this statement is within Plaintiff's personal knowledge. In support of her argument, Plaintiff cites to her deposition testimony in which she stated that she heard employees' say that Griffith was difficult to work with (Dkt. #26-2 109:5-14).

The Court finds that Plaintiff's contention that Griffith was perceived as rude is not within her personal knowledge. This situation is comparable to that it *Pickney* because Plaintiff is testifying to what others felt and not to what she specifically observed. Therefore, the Court finds that the last sentence of paragraph 11 in Plaintiff's affidavit should be stricken.

***Objection to Assertions that Lack Citations to Appropriate Summary Judgment Evidence***

Defendant argues that the Court should "strike all assertions in Plaintiff's statement of facts and elsewhere in her response brief that are based on that affidavit or on other incompetent summary judgment evidence and all assertions that lack citations to appropriate summary judgment evidence, as required by Eastern District of Texas Local Rule CV-56." (Dkt. #31 at p. 9).[3] Plaintiff asks that the Court strike the following: "[S]omeone, probably Gloria-Barraza, informed Griffith of [Plaintiff's] complaints." (Dkt. #27 at p. 14) According to Defendant, "Plaintiff does not include any citation to appropriate, competent summary judgment evidence

---

[3] Defendant appears to argue that there are other assertions within Plaintiff's affidavit that lack citations to appropriate summary judgment evidence that the Court should strike, in addition to those statements that Defendant specifically mentions. However, the Court will only address the particular statements that Defendant argues are improper, and the Court finds that it is unnecessary to strike the entire affidavit and will address the statements at issue individually.

— but rather, her own, self-serving, conclusory affidavit — in support of this assertion, which constitutes rank speculation and conjecture." (Dkt. #31 at p. 9).

Plaintiff only responds that logic dictates that the above-mentioned statement is correct (Dkt. #33 at p. 9). Plaintiff states that "[she] clearly testified in her deposition and swore in her affidavit that the only person(s) she made complaints of were Stoker and Griffith to Patricia Gloria-Barazza." (Dkt. #33 at p. 9). Therefore, according to Plaintiff, "Gloria-Barazza must have told Griffith about the complaints Plaintiff made otherwise there was no way for Griffith to have known that Plaintiff made the complaints regarding the discriminatory statements of Griffith." (Dkt. #33 at p. 9). The Court agrees that this statement is based upon speculation and conjecture. Plaintiff's argument about logic is unavailing and irrelevant. Therefore, the Court finds that the statement that "someone, probably Gloria-Barraza, informed Griffith of [Plaintiff's] complaints[,]" should be stricken from Plaintiff's response brief as Defendant requests.

Defendant also seeks that the following statement be stricken: "The decision makers [sic] had knowledge of [Plaintiff's complaints of discrimination prior to [her] termination." (Dkt. #31 at p. 10 (citing Dkt. #27 at p. 19)). Defendant argues that "Plaintiff includes no citation—much less any citation to competent, appropriate summary judgment evidence — in support of this statement." (Dkt. #33 at p. 9). Defendant further contends that "[i]n addition, as explained in Mayhill's reply in support of its motion for summary judgment, there is no competent evidence that Griffith and Hayes had knowledge of her report to Gloria-Barraza." (Dkt. #33 at p. 9).

Plaintiff argues that "Griffith clearly had knowledge of Plaintiff's complaints prior to making the decision to terminate her because the conversation between Griffith and Plaintiff about Plaintiff's complaints to HR was discussed shortly after she had made the complaints."

(Dkt. #33 at p. 9). Plaintiff also states that "it is undisputed that Patricia Gloria-Barazza was the person who told Plaintiff of her termination." (Dkt. #33 at p. 9). The Court finds Plaintiff's argument unpersuasive and irrelevant and that the statement constitutes inadmissible conjecture. Therefore, the Court agrees with Defendant that the following statement should be stricken: "The decision makers [sic] had knowledge of [Plaintiff's complaints of discrimination prior to [her] termination." (Dkt. #27 at p. 19)).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Strike (Dkt. #31) is hereby **GRANTED IN PART AND DENIED IN PART.**

The following portions will be stricken from the summary judgment record:

1. The second sentence of paragraph 23 of Plaintiff's affidavit and all parts of Plaintiff's response brief that cite the second sentence of paragraph 23.

2. The sentence within paragraph 19 of Plaintiff's affidavit that states, "I was not aware I needed prior approval from a supervisor to work through lunch." (Dkt. #27-1) and all parts of Plaintiff's response brief that cite this sentence.

3. The last sentence of paragraph 11 of Plaintiff's affidavit and all parts of Plaintiff's response brief that cite the last sentence of paragraph 11.

4. The statement within Plaintiff's response to Defendant's motion for summary judgment that states that "someone, probably Gloria-Barraza, informed Griffith of [Plaintiff's] complaints."

5. The statement within Plaintiff's response to Defendant's motion for summary judgment that states that "[t]he decision makers [sic] had knowledge of [Plaintiff's complaints of discrimination prior to [her] termination."

**IT IS SO ORDERED.**

**SIGNED this 9th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE